996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charlie WHEELER, Jr., Petitioner-Appellant,
v.
CONTRA COSTA COUNTY, Sheriff's Department, et al.,
Respondents-Appellees.
 No. 92-16338.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charlie Wheeler Jr., appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action, and the subsequent denial of his Fed.R.Civ.P. 60(b) motion for reconsideration. Wheeler contends that the defendants violated his Eighth Amendment rights by using excessive force against him. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and the denial of a Rule 60(b) motion for an abuse of discretion, Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor, 880 F.2d at 1044. To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 
 4
 When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). Factors to be considered by the district court include the extent of the injury suffered by the inmate, the need for applying force, the relationship between the need to use force and the amount of force used, the threat perceived by prison officials, and any efforts made to temper the severity of the forceful response. Id. The case should go to a jury only if the evidence supports a reliable inference that prison officials wantonly inflicted pain. Whitley v. Albers, 475 U.S. 312, 322 (1986).
 
 
 5
 Here, Wheeler disobeyed direct orders to stay in his cell with the door locked and called out to other inmates, causing riot conditions, when requested to place his hands behind his back. The defendants then physically restrained him and removed him from the module to a safety cell, in order to protect their safety and the safety of the other inmates. Wheeler was segregated for approximately two hours. Although there is some evidence that Wheeler suffered some swelling to his wrists, there is no evidence that he sustained any serious injuries. The district court granted summary judgment for the defendants on the grounds that the amount of force used was justified under the circumstances, and Wheeler did not sustain any serious injuries. Because the evidence does not show that the defendants acted maliciously or sadistically to cause harm, summary judgment in favor of the defendants was properly granted. See Hudson, 112 S.Ct. at 999; Celotex, 477 U.S. at 322.
 
 
 6
 Further, Wheeler has not alleged why he should be entitled to relief from judgment on any of the grounds set forth under Rule 60(b). Because the district court did not err in ruling that sufficient grounds for setting aside the judgment were not shown, the district court did not abuse its discretion by denying Wheeler's Rule 60(b) motion. See Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1978).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3